(Summit County, Ohio, Court of Common Pleas.)

October Term, 1897.

IN RE ASSIGNMENT OF FERDINAND SCHUMACHER.

The probate court granted an order to the assignees in insolvency to sell a large quantity of stocks of the assignor, at private sale, the creditors not being a party to said proceeding. After a sale had been made of said stocks, motions were made by two unsecured creditors to set aside said sale, on the ground that said stocks were not sold for the highest price attainable therefor, and said motions were overruled and the sale confirmed.

*Held*: That the order confirming said sale and overruling the motions to set aside the sale, was a definitive and final order, and so affected property rights, that an appeal will lie, from such order, to the court of common pleas.

---

Opinion of Court on motion to dismiss appeal.

NYE, J.

This is an action appealed from the probate court to this court, and a motion has been made to dismiss the appeal, and that is the only question now submitted to the court.

The question that is appealed from, is an order of the probate court confirming the sale of certain shares of stocks, made by the assignees at private sale, under a former order of that court.

It is claimed upon the part of those filing the motion, that this is not an action which is appealable.

The decision to be made in this case, must depend largely upon sec. 6407, Rev. Stat., and the decisions of our courts with reference to that section, and with reference to the kind of a case this is. The section named, so far as it pertains to this case, provides that "In addition to cases specially provided for, appeals may be taken to the court of common pleas, from any order, decision or judgment of the probate court in settling the accounts of an executor, administrator, guardian, and trustees, and assignees, trustees and commissioners of insolvents." It will be noticed that the language used in this section of the statute is broad, as it says, "any order."

Our supreme court in the case of Miller & Co. v. Assignee of Seiberling Co. et al., 31 Ohio St., 201, have put somewhat of a construction upon this statute, wherein they held that no appeal lies from a decision of the probate court setting aside or refusing to confirm a sale made by an assignee for the benefit of creditors.

That is the converse of this; that was an order refusing to confirm a sale, whilst this is an order confirming the sale.

The supreme court, in discussing this, say "The language of the statute authorizing appeals from the probate court is very general and comprehensive, but it must be construed with reference to the nature of the remedy and the subject matter. Courts, in order to effect the intention of the statute, often restrain, qualify, or enlarge the meaning of the words employed. The language is, that 'appeals may be taken from *any order, decision, or decree.*' Manifestly, this language is not to be understood in its literal sense. There are many orders and decisions to which it can not be applied, without rendering the jurisdiction of the court inefficient and ineffectual for the purposes of justice. It can not apply to decisions and orders granting continuances, or further time to assignees, or to executors and administrators, or to decisions made during the progress of a trial; nor to granting authority, under the assignment law, to sell at private sale, nor to the fixing of the time within which such sale might be made."

So that the supreme court have construed this not to mean every order that is issued by the probate court.

Another decision of the supreme court, is the case of Brigel v. Starbuck, 34 Ohio St., 280, and the syllabus is as follows: "An order, decision, or decree of the probate court, in a proceeding under the statutes in relation to assignments for the benefit of creditors, is not appealable to the court of common pleas, unless it is of a definitive nature, affecting property rights; and the approval by the probate court of the election of an assignee by the creditors, is not

an order, decision, or decree of that nature."

I think the decision in this case at bar, depends somewhat upon the character and nature of the order that is made, and somewhat upon the parties which are necessary to a proceeding of this kind.

In the first place, the assignees represent all of the creditors, and in procuring orders to make sales, there is no adversary proceeding as between the assignees and the creditors; as a general rule, any adversary proceeding is between the assignees and the assignor or assignors, and with that in view, we get no adversary proceeding as between the assignees and the creditors, until a creditor comes in and undertakes to oppose some action of the assignees, and when the creditor does so, we get an adversary proceeding as between the assignees and the creditor, and when that is done, the rights of the creditor may or may not be affected, depending largely upon what the order is.

The supreme court have held in Miller & Co. v. Assignee of Seiberling Co. et al., *supra*, that an order to set aside a sale is not appealable, because no property rights are affected, and they use this language: "The refusal to confirm, or the setting aside of a sale, unlike its confirmation, leaves the property undisposed of to be again offered for sale, and giving all desiring to purchase, an equal opportunity to do so."

I think there is a vast difference between an order setting aside and one confirming a sale; the order setting aside the sale leaves the parties to go right over the same proceeding again, the order confirming the sale, in my judgment, does fix property rights.

Hence, I am of the opinion that when you get an adversary proceeding as between the assignees and the creditors on confirming the sale, you do fix the property rights, and the order is definitive and final, as stated in the 34th Ohio St.

Hence, I am of the opinion that under these decisions, notwithstanding the supreme court in the first case above cited, expressly reserve their opinion as in this kind of an order, by saying: "Without therefore saying that an appeal may not be taken in the case of a confirmation of a sale, we are unanimous of the opinion that in case of a refusal to confirm there is no appeal." That an order confirming the sale, does fix the property rights, and the case is appealable. This is the first proceeding had that was adversary up to that time.

It has been argued in this case, that the order which is appealable, if any order, was the order authorizing the assignee to make this sale.

Our supreme court says in this, 31 Ohio St., p. 204, "It can not apply to de-cisions and orders granting continuances, or further time to assignees, or to executors and administrators, or to decisions made during the progress of a trial; nor to *granting authority, under the assignment law, to sell at private sale*, nor to the fixing of the time within which such sale might be made."

The supreme court expressly say that granting this order to sell at private sale was not appealable. If that order is not appealable, and this order not appealable, then you have no appeal from that kind of an order, or proceeding.

Another case has been cited to me by counsel for the assignees, being the case *In re assignment of The Norwood Park Company*, and found in the 4th Nisi Prius Reports, p. 240, where the learned judge holds that the case which he had before him was not appealable; but whether he undertakes to hold that there is no appeal from *any* order confirming a sale, I do not undertake to say. In one place he says: "I am of opinion that in the court of insolvency, although not in a special proceeding brought for that purpose, but in the usual course of general administration, where an order for sale has been had, and such order defines and determines the amount and terms of such sale and the rights of parties in the premises, the subsequent order if it be an order of confirmation, pure and simple, is not appealable."

I am of opinion that this appeal should not be dismissed, and that the case is properly here.

Motion to dismiss appeal is overruled.